BURDETTE *v.* ROBERTSON *et al.*

1. Whether or not books of account which had been produced under notice and inspected by the party calling for the same but not introduced by him, are, without more, admissible in evidence at the instance of the party producing them, this court cannot, without being informed by the record what the books disclosed, determine that so admitting them, if erroneous at all, was cause for a new trial.

2. There being no information before this court as to the contents of the books, and the only legitimate conclusion upon the question of usury which can be drawn from the evidence in the record being that the notes sued upon were, to some extent, infected with usury, the verdict, in so far as it found for the plaintiffs the full amount of the notes (thus including the usury), and established a special lien upon the land conveyed by the defendant to the plaintiffs for the purpose of securing the payment of the notes, was necessarily wrong and ought to have been set aside. There could be no lawful recovery of the usury, and the security deed, being infected with usury, was void.

December 13, 1895.

Complaint on notes.    Before Judge Westmoreland. City court of Atlanta.    May term, 1895.

*Hillyer, Alexander & Lambdin,* for plaintiff in error.
*Simmons & Corrigan,* contra.

LUMPKIN, Justice.

1. One of the questions presented and argued in this case was whether or not books of account, produced under notice and inspected by the party calling for the same, but not introduced by him, were, without more, admissible in evidence at the instance of the producing party.    It is unnecessary, however, to decide this question in the present case, for there is nothing in the record giving any information as to what the books which the court erroneously, as alleged, admitted in evidence, disclosed; and therefore we are entirely unable to determine whether the action of the court, even if erroneous, was in any way harmful to the opposite party, and consequently, cause for a new trial. Before we could properly reverse the judgment, it would have to appear: first, that error was thus committed; and, secondly, that the books contained something which operated injuriously and prejudicially against the party who objected to their introduction in evidence.    It by no means follows that error in admitting evidence will invariably require a new trial.    The contrary is true in a large number of instances.    Error, in order to authorize the reversal of

the judgment below, must be harmful to the complaining party; and this must be made to appear to the reviewing court.

2. Having before us no information as to the contents of the books above mentioned, and the evidence incorporated in the record sent to this court showing conclusively that the notes sued upon were, to some extent at least, infected with usury, the verdict in the plaintiffs' favor for the full amount of the notes was not warranted. The verdict was also necessarily wrong in so far as it established a special lien upon the land conveyed by the defendant to the plaintiffs for the purpose of securing the payment of these notes. This is so because, under the facts as they appear in the record, the security deed, being infected with usury, was void; and therefore the special lien, in legal contemplation, did not exist.

We do not wish to be understood as deciding how this case should result at the next trial. Our judgment is predicated upon the record as it now stands. If, in another investigation, and upon a fuller development of the facts by the introduction of other relevant evidence, it should appear that the notes are free from usury, the case will assume an altogether different aspect. We simply grant a new trial for the reasons indicated, leaving the parties free to establish their respective contentions as best they can when the case is tried again.          *Judgment reversed.*